UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD BOWMAN,

    Plaintiff,

    v.

THURSTON COUNTY CORRECTIONS FACILITY,

    Defendant.

Case No. C02-5620RJB

ORDER

This matter comes before the Court on the Report and Recommendation of Magistrate Judge J. Kelley Arnold regarding Defendants' Third Motion for Summary Judgment. Dkt. 113. The Court has considered the pleadings filed in support of and in opposition to the Report and Recommendation and the file herein.

This 42 U.S.C. § 1983 action was originally filed in November of 2002. Dkt. 1. On June 6, 2004, this Court adopted, in part, and rejected, in part, the Third Report and Recommendation of Judge Arnold regarding Defendant's Second Motion for Summary Judgment. Dkt. 101. In that Order, all Plaintiff's claims were dismissed with prejudice except one. *Id.* The remaining claim dealt with the living conditions to which Plaintiff was subjected while in isolation. *Id.* The Order noted that in the Objections to the Report and Recommendation, Defendants provided their policy

ORDER - 1

regarding "Hourly Welfare Checks" and "Intake Activity Log." *Id.* This Court found that

> Upon review of the policy regarding 'Hourly Welfare Checks' and the 'Intake Activity Log' attached to Defendant's Objections to [the] Third Report and Recommendation of Magistrate Kelly (sic) (Dkt. 99) and Plaintiff's Reply to Defendant's Objections (Dkt. 100), there may not be a true issue of fact with regard to whether defendant had a policy, practice, or custom in place which violated plaintiff's Eighth Amendment rights. Nevertheless, the court should not grant relief based on this disjointed showing.

*Id.* at 2. Accordingly, Defendant's Second Motion for Summary Judgment on Plaintiff's claim of a policy, practice, or custom violating Plaintiff's civil rights, was denied without prejudice. *Id.* at 3.

On September 21, 2004, attorney Jongwon Yi filed a notice of appearance for Plaintiff. Dkt. 106. On January 25, 2005, Jongwon Yi withdrew as counsel for Plaintiff and attorney Brian J. Todd was substituted as counsel. Dkt. 107.

On March 21, 2005, Defendant moved for summary judgment on the remaining claim, again providing the "Hourly Welfare Checks" policy (Dkt. 111), "Intake Activity Log" (Dkt. 111), "Medication Administration Record" (Dkt. 110), and "Diabetic Regimen" (Dkt. 110) for the day in question. These records indicate Plaintiff was checked hourly by defendant's staff and had four separate blood draws to determine his blood sugar level during the time in question. Dkts. 110 and 111. This Motion for Summary Judgment was served on Mr. Todd at the address he provided to the Court. Dkt. 108. Defendant's counsel indicates he talked with Mr. Todd on March 24, 2005, and discovered that Mr. Todd's address on file with the Court was incorrect. Dkt. 117. Defendant's counsel indicates that he resent the Third Motion for Summary Judgment and accompanying pleadings to the address provided by Mr. Todd. *Id.* That address is: 4128 ½ California Ave SW, Apt. #170, Seattle, WA 98116-4102. *Id.* This is also the address which appears on the Washington State Bar Association website for Mr. Todd.

On March 25, 2005, Plaintiff filed a pro se Motion for Summary Judgment. Dkt. 112. Neither side responded to the other's motion for summary judgment.

On May 18, 2005, Judge Arnold issued the present Report and Recommendation to dismiss

ORDER - 2

1  Plaintiff's remaining claim with prejudice. Dkt. 113. On May 27, 2005, the Report and
2  Recommendation, which was mailed to Mr. Todd at his provided address, was returned as
3  undeliverable. Dkt. 114. On June 2, 2005, Plaintiff filed, pro se, Objections to the Report and
4  Recommendation. Dkt. 115. Plaintiff indicates that he has not heard from his attorney and did not
5  get a copy of the Third Summary Judgment Motion. *Id.* Defendant points out, in his Response to
6  Plaintiff's Objections that pursuant to the Rule of Profession Conduct 4.2(1), they were not
7  permitted to have contact with a party who is represented by an attorney. Dkt. 116. Defendant
8  argues that the Court should not consider Plaintiff's pro se objections pursuant to General Rule
9  2(f)(1), which provides,

> Whenever a party has appeared by attorney, he cannot thereafter appear or act in his own behalf in the cause, or take any step therein, unless an order of substitution shall first have been made by the court . . . provided, that the court may in its discretion hear a party in open court, notwithstanding the fact that he has appeared or is represented by attorney.

13  Defendant argues that Plaintiff has still failed to produce any evidence that Defendant has a policy,
14  practice, or custom that resulted in the deprivation of his Eighth Amendment rights. Dkt. 116.
15  Mr. Todd's failure to respond to the Motion for Summary Judgment is troubling. Mr. Todd
16  has apparently failed to provide the Court with a current address and is not participating in the
17  Court's electronic filing system as is required pursuant to the Western District of Washington's
18  Electronic Filing Procedures. Mr. Todd's client, the Plaintiff, has been incarcerated for the duration
19  of his representation. By July 15, 2005, Mr. Todd should appropriately respond to the pending
20  motion. If he fails to do so, by July 22, 2005, he should be required to show cause why he should
21  not be reported to the Washington State Bar Association for failure to represent his client and/or
22  why action should not be taken regarding his ability to practice before this Court pursuant to General
23  Rule 2. Additionally, if Mr. Todd fails to appropriately respond to the pending motion, this Motion
24  for Summary Judgment will be re-noted in an effort to give Plaintiff an opportunity to respond pro
25  se, if he so chooses, or to seek other counsel, and for Defendant to have an opportunity to file a

ORDER - 3

reply. Defendant's Third Motion for Summary Judgment (Dkt. 108) should be renoted for July 22, 2005.

A copy of this order should be sent to Mr. Todd at the address listed on the Washington State Bar website and to the last address provided the Court. A copy of this order should also be sent to Plaintiff and Defendant's counsel.

Therefore, it is hereby

**ORDERED** that on or before July 15, 2005, Mr. Todd should appropriately respond to the pending motion. If he fails to do so, on or before July 22, 2005, he is **ORDERED to SHOW CAUSE** in writing, if any he has, why he should not be reported to the Washington State Bar Association for failure to represent his client and/or why action should not be taken regarding his ability to practice before this Court pursuant to General Rule 2. Defendant's Third Motion for Summary Judgment (Dkt. 108) is **RENOTED** for July 22, 2005.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record, the Plaintiff at his last known address, and to the Hon. J. Kelley Arnold.

DATED this 30th day of June, 2005.

Robert J. Bryan
U.S. District Judge

ORDER - 4