UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD BOWMAN,

    Plaintiff,

v.

THURSTON COUNTY CORRECTIONS FACILITY,

    Defendant.

Case No. C02-5620RJB

ORDER

This matter comes before the Court on the this Court's Order to Show Cause. Dkt. 118. The Court has considered the pleadings filed response to the order to Show Cause.

This 42 U.S.C. § 1983 action was originally filed in November of 2002. Dkt. 1. On June 6, 2004, this Court adopted, in part, and rejected, in part, the Third Report and Recommendation of Judge Arnold regarding Defendant's Second Motion for Summary Judgment. Dkt. 101. In that Order, all Plaintiff's claims were dismissed with prejudice except one. *Id.* The remaining claim dealt with the living conditions to which Plaintiff was subjected while in isolation. *Id.* The Order noted that in the Objections to the Report and Recommendation, Defendants provided their policy regarding "Hourly Welfare Checks" and "Intake Activity Log." *Id.* This Court found that

> Upon review of the policy regarding 'Hourly Welfare Checks' and the 'Intake Activity Log' attached to Defendant's Objections to [the] Third Report and Recommendation of Magistrate Kelly (sic) (Dkt. 99) and Plaintiff's Reply to Defendant's Objections (Dkt. 100), there may not be a true issue of fact with regard

ORDER - 1

      to whether defendant had a policy, practice, or custom in place which violated plaintiff's Eighth Amendment rights. Nevertheless, the court should not grant relief based on this disjointed showing.

*Id.* at 2. Accordingly, Defendant's Second Motion for Summary Judgment on Plaintiff's claim of a policy, practice, or custom violating Plaintiff's civil rights, was denied without prejudice. *Id.* at 3.

      On September 21, 2004, attorney Jongwon Yi filed a notice of appearance for Plaintiff. Dkt. 106. On January 25, 2005, Jongwon Yi withdrew as counsel for Plaintiff and attorney Brian J. Todd was substituted as counsel. Dkt. 107.

      On March 21, 2005, Defendant moved for summary judgment on the remaining claim, again providing the "Hourly Welfare Checks" policy (Dkt. 111), "Intake Activity Log" (Dkt. 111), "Medication Administration Record" (Dkt. 110), and "Diabetic Regimen" (Dkt. 110) for the day in question. These records indicate Plaintiff was checked hourly by Defendant's staff and had four separate blood draws to determine his blood sugar level during the time in question. Dkts. 110 and 111. This Motion for Summary Judgment was served on Mr. Todd at the address he provided to the Court. Dkt. 108. Defendant's counsel indicates he talked with Mr. Todd on March 24, 2005, and discovered that Mr. Todd's address on file with the Court was incorrect. Dkt. 117. Defendant's counsel indicates that he resent the Third Motion for Summary Judgment and accompanying pleadings to the address provided by Mr. Todd. *Id.* That address is: 4128 ½ California Ave SW, Apt. #170, Seattle, WA 98116-4102. *Id.* This is also the address which appears on the Washington State Bar Association website for Mr. Todd.

      On March 25, 2005, Plaintiff filed a pro se Motion for Summary Judgment. Dkt. 112. Neither side responded to the other's motion for summary judgment.

      On May 18, 2005, Judge Arnold issued the present Report and Recommendation to dismiss Plaintiff's remaining claim with prejudice. Dkt. 113. On May 27, 2005, the Report and Recommendation, which was mailed to Mr. Todd at his provided address, was returned as undeliverable. Dkt. 114. On June 2, 2005, Plaintiff filed, pro se, Objections to the Report and Recommendation. Dkt. 115. Plaintiff indicates that he has not heard from his attorney and did not

get a copy of the Third Summary Judgment Motion. *Id.* Plaintiff has been incarcerated for the duration of this case.

This Court issued an Order to Show Cause regarding Mr. Todd's failure to respond to the Motion for Summary Judgment on June 30, 2005. Dkt. 118. Mr. Todd was ordered to respond to the pending motion, and if he failed to do so, by July 22, 2005, he was required to show cause why he should not be reported to the Washington State Bar Association for failure to represent his client and/or why action should not be taken regarding his ability to practice before this Court pursuant to General Rule 2. *Id.*

Mr. Todd did not file a response to the Motion for Summary Judgment, but responded to the order to show cause. Dkt. 119. He indicated that his representation of Plaintiff was contingent upon a fee agreement which was never reached. *Id.* Mr. Todd moved for leave to withdraw and for the Motion for Summary Judgment to be renoted. *Id.* Plaintiff also filed a response with the Court. Dkt. 121. He requested Mr. Todd be allowed to withdraw, his file sent to his fiancee, and the matter be renoted. *Id.*

General Rule 2(f)(4)(A) provides that, "[n]o attorney shall withdraw an appearance in any cause, civil or criminal, except by leave of the Court." A motion for leave to withdraw from a case must be served on the client and opposing counsel. *Id.*

Mr. Todd has served his client and opposing counsel with his motion for leave to withdraw from this matter. Dkt. 120. Mr. Todd should be permitted to withdraw from this case, particularly in light of Plaintiff's request that he be permitted to withdraw. Dkt. 121. Mr. Todd should also be ordered to send Plaintiff's file to Plaintiff. Further, Plaintiff should not be prejudiced by his attorney's tardiness in filing a motion for leave to withdraw. Accordingly, Defendant's Motion for Summary Judgment (Dkt. 108) should be renoted for September 30, 2005. Plaintiff's response, if any he may have, should be due September 26, 2005 and Defendant's reply, if any, should be due September 29, 2005. Consideration of the Report and Recommendation of Magistrate Judge J. Kelley Arnold (Dkt. 113) regarding this Motion for Summary Judgment should also take place on

1  September 30, 2005. Further, Plaintiff's Motion for Summary Judgment (Dkt. 112), has not been

2  addressed. Although Local General Rule (2)(f)(1) indicates "[w]henever a party has appeared by

3  attorney, he cannot thereafter appear or act in his own behalf . . .," in this unusual circumstance,

4  where, at minimum, a misunderstanding existed regarding counsel's representation, Plaintiff's

5  Motion for Summary Judgment (Dkt. 112) should be addressed. Therefore, Plaintiff's Motion for

6  Summary Judgment (Dkt. 112) should be re-noted for September 30, 2005. The same briefing

7  schedule for the response and reply as above should also be followed.

8  Therefore, it is hereby

9  **ORDERED** that Mr. Todd's Motion for Leave to Withdraw (Dkt. 119) and Plaintiff's

10  Motion to Release Counsel (Dkt. 121) are **GRANTED**, and Mr. Todd is to send Plaintiff's file to

11  Plaintiff. It is further **ORDERED** that Defendant's Third Motion for Summary Judgment (Dkt. 108)

12  and Plaintiff's Motion for Summary Judgment (Dkt. 112) are **RENOTED** for September 30, 2005.

13  Responses, if any, are due September 26, 2005 and replies, if any, are due September 29, 2005.

14  The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of

15  record, the Plaintiff at his last known address, and to the Hon. J. Kelley Arnold.

16  DATED this 30th day of August 2005.

Robert J. Bryan
United States District Judge

ORDER - 4